Hilts v Roggie Farms, LLC (2021 NY Slip Op 07402)





Hilts v Roggie Farms, LLC


2021 NY Slip Op 07402


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, CURRAN, AND DEJOSEPH, JJ.


975 CA 20-01555

[*1]THOMAS D. HILTS, PLAINTIFF-RESPONDENT,
v
ROGGIE FARMS, LLC, DEFENDANT-APPELLANT. 






KENNEY SHELTON LIPTAK NOWAK LLP, JAMESVILLE (LAUREN M. MILLER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
KIRWAN LAW FIRM, P.C., SYRACUSE (TERRY J. KIRWAN, JR., OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an amended order of the Supreme Court, Cayuga County (Mark H. Fandrich, A.J.), entered November 12, 2020. The amended order granted plaintiff's motion for partial summary judgment on the issue of liability. 
It is hereby ORDERED that the amended order so appealed from is unanimously reversed on the law without costs and the motion is denied.
Memorandum: Plaintiff commenced this common-law negligence action seeking damages for injuries he allegedly sustained when he slipped on debris covering the floor of the poultry barn in which he was working, causing him to fall into an uncovered industrial fan installed in the barn's wall and damage his hand. Defendant, the owner of the barn, appeals from an amended order granting plaintiff's motion for partial summary judgment on the issue of liability. We agree with defendant that the amended order must be reversed.
Even assuming, arguendo, that plaintiff met his initial burden on the motion of establishing entitlement to judgment as a matter of law (see generally Winegrad v New York Univ. Med. Ctr ., 64 NY2d 851, 853 [1985]), we conclude that Supreme Court erred in granting the motion inasmuch as defendant raised a triable issue of fact with respect to liability through the submission of, inter alia, an affidavit from one of plaintiff's coworkers who stated that, on the date of the accident, plaintiff did not slip and fall into the unguarded fan as the complaint alleges, but instead reached into the fan and intentionally caused his own injuries (see generally Zuckerman v City of New York , 49 NY2d 557, 562 [1980]).
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court